ORDERED in the Southern District of Florida on _APR 09 2008_



A. Jay Cristol, Chief Judge Emeritus
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-44401-BKC-AJC

IN RE

MARIO AMADOR,

    Debtor.
_____/

## MEMORANDUM OPINION (I) GRANTING TRUSTEE'S MOTION FOR REHEARING AND (II) GRANTING DAIMLER CHRYSLER LEAVE TO FILE A DEFICIENCY CLAIM

THIS CAUSE came before the Court for hearing upon the Trustee's Motion for Rehearing of the Order Denying Daimler Chrysler's Motion to Dismiss. Daimler Chrysler Services North America, LLC ("Daimler Chrysler" or "Creditor") was a secured creditor with a lien on Debtor's vehicle. Creditor moved to dismiss this case for Debtor's failure to make the required payments on his vehicle. The Debtor and Creditor agreed to resolve the motion by Debtor's surrender of the vehicle and entry of an order denying the motion but granting Creditor the right to file an amended claim to modify its unsecured claim by the amount of any deficiency remaining after surrender of the subject vehicle. The Trustee timely filed a motion for rehearing arguing that

Daimler Chrysler could not file a deficiency claim as the value of Creditor's secured and unsecured claims were previously determined by the Court and the claims bar date has expired. The Court granted the Trustee's motion for rehearing to consider the issue of whether Daimler Chrysler can file a deficiency claim upon surrender of the vehicle, which was after the claims bar date. Upon consideration of the arguments of counsel and the applicable law, the Court determines Daimler Chrysler is entitled to file an amended deficiency claim after the claims bar date to include any deficiency arising from disposition of the surrendered vehicle.

## FACTS AND PROCEDURAL HISTORY

Mario Amador ("Debtor") filed a Chapter 13 petition on October 13, 2005, together with the appropriate schedules. The Debtor's Schedule D listed a secured claim with Chrysler Financial.

Daimler Chrysler Services North America, LLC, as successor by merger to Chrysler Financial Company LLC, filed a proof of claim [Claim #2] on December 12, 2005. Claim #2 asserted a claim in the amount of $27,526.29, secured by a lien on the Debtor's 2003 Montero. Daimler Chrysler filed a second proof of claim [Claim #6] on June 9, 2006. Claim #6 is a duplicate of Claim #2.

The Debtor filed a motion to value the 2003 Montero on December 27, 2006. On January 26, 2007, the Court entered an agreed order valuing the 2003 Montero at $20,318.00. Pursuant to 11 U.S.C.§ 506, the balance of Daimler Chrysler's claim in the amount of $7208.29 was unsecured. The Debtor's confirmed plan provided for payment to Daimler Chrysler[1] on its secured lien.

On July 12, 2007, Daimler Chrysler filed a motion to dismiss for failure to make

---

[1] The plan actually misnames the holder of the claim as Chrysler Financial.

payments. Subsequently on July 23, 2007, the Debtor filed amended Schedules I and J and a modified plan. The modified plan surrendered the 2003 Montero to Daimler Chrysler and made no further provision for payments on the secured debt to Daimler Chrysler.

Daimler Chrysler filed a response to the motion to modify. The response claimed that the secured value of the collateral was only $15,875.00 (the amount Creditor received upon sale of the vehicle after surrender), thereby entitling Daimler Chrysler to an amended unsecured claim which includes a deficiency claim based on the valuation previously found pursuant to 11 U.S.C. §506.

At the hearing on the motion to dismiss, the parties announced that Daimler Chrysler's motion to dismiss would be denied and Daimler Chrysler would be permitted relief from the automatic stay. However, unbeknownst to the Trustee, the order submitted, and entered, included language permitting Daimler Chrysler to file a deficiency claim. The Trustee timely filed a motion for rehearing. The Trustee contends that permitting Daimler Chrysler to amend its unsecured claim to include the deficiency remaining after the sale of the vehicle is essentially permitting an untimely rehearing of the order on the valuation of the collateral. The Court disagrees.

## DISCUSSION

Courts are divided on whether a debtor may modify a confirmed Chapter 13 plan to surrender collateral to the secured creditor and then reclassify the unpaid balance of the claim as unsecured. Cases holding that such a modification is permitted include *In re Marino*, 349 B.R. 922 (Bankr. S.D. Fla. 2006); *In re* Townley, 256 B.R. 697 (Bankr. D.N. J. 2000); *In re Day*, 247 B.R. 898 (Bankr. M.D. Ga. 2000); *In re Waller*, 224 B.R. 876 (Bankr. W.D.Tenn. 1998); *In re Rimmer*, 143 B.R. 871 (Bankr. W.D.Tenn. 1992); *In re Jock*, 95 B.R. 75 (Bankr. M.D.Tenn.

1989); and *In re Frost*, 123 B.R. 254 (S.D. Ohio 1990). Cases holding that such a modification is not permitted include *In re Nolan*, 232 F.3d 528 (6th Cir. 2000); *In re Goos*, 253 B.R. 416 (Bankr. W.D. Mich. 2000); *In re Cruz*, 253 B.R. 638 (Bankr. D.N.J. 2000); *In re Meeks*, 237 B.R. 856 (Bankr. M.D.Fla. 1999); and, *In re Coleman* 231 B.R. 397 (Bankr. S.D.Ga. 1999).

Having considered the reasoning from both lines of cases, this Court believes that the cases holding that such a modification is permissible are more persuasive in their reasoning and consistent with the statutory construction of 11 U.S.C. §1329(a) and the overall policies of the Bankruptcy Code. The Trustee argues that Creditor is bound by the terms of the plan, including the valuation of the collateral contained in the confirmed plan, and that surrender of the vehicle is in full satisfaction of the Creditor's secured claim. The Trustee opposes Creditor's request to file a deficiency claim.

The binding effect of the plan is subject to the ability to modify the plan under section 1329 of the Bankruptcy Code, *Townley*, 256 B.R. at 699, and the Court believes the more consistent interpretation of section 1329(a)(1) permits modifications to satisfy secured claims by the surrender of collateral, and reclassification, if necessary. As Bankruptcy Judge Keith M. Lundin's reasoned in *Jock*:

> 11 U.S.C.S. §§1329(b) and (c) fix the statutory limits on modifications of Chapter 13 plans after confirmation. The mandatory and permissive provisions of a Chapter 13 plan found in 11 U.S.C.S. §§1322(a) and (b) (1987) and the confirmation requirements of 11 U.S.C.S. §1325(a) (1987) "apply to any modification under subsection (a) of this section." 11 U.S.C.S. §§1329(b)(1). A Chapter 13 debtor can use the permitted plan provisions described in §1322(b), subject to the confirmation requirements of §1325(a), to modify a confirmed Chapter 13 plan under §1329(a).
>
> Section 1322(b)(8) permits a Chapter 13 debtor to "provide for the payment of all or part of a claim against the debtor from property of the estate or property of the debtor." 11 U.S.C.S. §1322(b)(8). Section 1325(a)(5)(C) permits a Chapter 13 debtor to satisfy an "allowed secured claim provided for by the plan" by surrendering the property securing the claim. 11 U.S.C.S. §1325(a)(5)(C). This Chapter 13 debtor could have satisfied the

secured claim of Boatmen's by surrendering the car to the bank at confirmation of the original plan in February of 1988. The incorporation of §§1322(b)(8) and 1325(a)(5)(C) into the standards for post-confirmation modification in §1329 empower this Chapter 13 debtor to modify the confirmed plan to surrender the car in satisfaction of Boatmen's secured claim.

Boatmen's argues that 11 U.S.C.S. §1327 (1987) prohibits the debtor to modify its treatment after the original confirmation order became final....

Section 1327(a) is not a limit on permitted modification of a confirmed Chapter 13 plan; rather, it is a statutory description of the effect of a confirmed plan or of a confirmed modified plan. A confirmed Chapter 13 plan binds the debtor (and all creditors), 11 U.S.C.S. §1327(a), but a confirmed plan "may be modified ... at any time after confirmation of the plan but before the completion of payments under the plan...." 11 U.S.C.S. §1329(a). The confirmed plan binds the debtor unless and until it is modified, and then the modified plan "becomes the plan," 11 U.S.C.S. §1329(b)(2), and the modified plan has the effects described in §1327. Sections 1322(a), (b), 1323(c) and 1325(a) are the appropriate sources of the limits on modification under §1329. *See* 11 U.S.C.S. §1329(b).

....

The Bankruptcy Code protects the secured claim holder from abusive depreciation between confirmation and modification by applying the "good faith" test at confirmation of a modified Chapter 13 plan. 11 U.S.C.S. §1329(b)(1). Had evidence been introduced at the hearing on confirmation of the modified plan that the debtor abused the car after February 1988, the proposed modification might be portrayed as a bad faith effort by the debtor to shift the loss caused by the debtor's misconduct to the secured claim holder. There is no such evidence.

Section 1325(a)(5) protects the present value of the allowed secured claim at the effective date of the original plan. The creditor who bargains for a stream of payments through a Chapter 13 plan that is not sufficient to protect the creditor from loss in value of its underlying collateral has failed to assert its rights at confirmation.

That the debtor could convert this Chapter 13 case to Chapter 7, surrender the car to Boatmen's and (probably) discharge the deficiency is further evidence that Congress contemplated modification of a Chapter 13 plan to permit the surrender of collateral to the holder of an allowed secured claim. *See* 11 U.S.C.S. §1307 (1987)(conversion of Chapter 13 cases); 11 U.S.C.S. §348 (Supp.1988) *902 (effect of conversion); 11 U.S.C.S. §554 (Supp. 1988)(abandonment of property of the estate).

95 B.R. at 76-78.

"Nowhere did Congress except the surrender of collateral from the powers available at

modification of a Chapter 13 plan. To preclude a Chapter 13 debtor from modifying a plan after confirmation to reflect that a creditor repossessed its collateral and is thus no longer the holder of an allowable secured claim is to turn the Code on its head." Keith M. Lundin, 2 *Chapter 13 Bankruptcy* §6.54 (2d ed. 1997).

When the collateral is surrendered, the allowed secured claim under §506(a) is the value of the collateral at the time of surrender, and the secured claim is satisfied upon surrender. *Marino*, 349 B.R. at 923. "After surrender of collateral, the deficiency portion of the claim is no longer actually secured. A claim simply cannot be secured when nothing secures it." *Johnson* at 908. If the value of the collateral at the time of surrender is less than the **unpaid amount** of the allowed secured claim under the previously confirmed plan, the balance **may be** treated and paid as an unsecured claim under the modified plan. *Marino*, 349 B.R. at 923. As Bankruptcy Judge Robert A. Mark noted in *In re Arencibia*, Case No. 01-40647-BKC-RAM, 2003 WL 21004969 at *3 (Bankr. S.D.Fla. 2003), "while §1329 standing alone might not authorize reclassification of a secured claim, §502(j) provides the necessary authorization to reconsider a claim and allow the type of plan modification requested in this case." Section 502(j) controls the allowance or disallowance of claims, taking into consideration the equities of the case. *Id.* citing *In re Johnson*, 247 B.R. 904 (Bankr. S.D.Ga. 1999)

In considering the equities of this case, however, it appears a deficiency claim may not actually exist. The deficiency claim is calculated by deducting from the allowed secured claim all proceeds received from the sale of the vehicle **and** the total of all principal payments made on the allowed secured claim. Prior to the last plan modification, it appears the Debtor made payments in the amount of $7189.23 (or 342.34 for 21 months) on Creditor's $20,318.00 secured claim. In addition, upon surrender and disposition of the vehicle, Creditor received proceeds

from the sale of the vehicle in the amount of $15,875.00. Thus, it appears the Creditor may actually have received $23,064.23 on its secured claim and may not, therefore, be entitled to any deficiency claim.

Accordingly, it is

ORDERED AND ADJUDGED as follows:

1. The Trustee's Motion for Rehearing is GRANTED.

2. Daimler Chrysler's secured claim is deemed satisfied by surrender of Debtor's vehicle.

3. Daimler Chrysler's request to file an amended unsecured claim, to include a deficiency claim, if any, is GRANTED; Creditor may file such amended claim within 15 days from entry of this order and shall request therein an evidentiary hearing to prove the deficiency claim, if any.

4. Claim #6 is STRICKEN from the Claims Register as a duplicate claim.

\* \* \*

NANCY N. HERKERT, ESQUIRE
STANDING CHAPTER 13 TRUSTEE
AMY E. CARRINGTON, ESQUIRE
P.O. BOX 279806
MIRAMAR, FL 33027
(954) 443-4402

Nancy N. Herkert, Esq is directed to serve a copy of this order on all interested parties and to file a certificate of service with the Clerk of the Court.